## Butler, Appellant, *v.* Metropolitan Life Insurance Company.

Argued May 1, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*James A. Wright,* with him *Donald L. Hankey,* for appellant.

*D. C. Jennings,* for appellee.

OPINION BY KELLER, P. J., July 10, 1936:

Plaintiff has appealed from the entry of judgment for the defendant on the whole record, following a verdict in his favor. The action was in assumpsit for disability benefits under a group life insurance policy issued to Allegheny Steel Company for the benefit of its employees. Under its terms, a certificate holder would be entitled to receive in monthly instalments of $36 a month the face amount, $2,000, of the certificate, if, while in the employ of the said Steel Company, he became "totally and permanently disabled as a result of bodily injury or disease, so as to be prevented thereby from engaging in any occupation and performing any work for compensation or profit."

Plaintiff, an employee of the Steel Company and a certificate holder under said group life insurance policy, was found to be suffering from aortitis and an aortic aneurism to such an extent that he was unable to perform any manual labor without grave danger to his life from a rupture of the aneurism, and the condition is permanent. He made claim to the defendant insurance company for disability benefits under the policy and was paid benefits according to the terms of the policy from January 22, 1932 to March 22, 1934, when the payments were discontinued, because, the company alleged, he was not entitled any longer to receive the same under the terms and conditions of the policy.

At the trial the plaintiff testified that sometime in December of 1933 he bought a truck and began engaging in the coal and trucking business; that for about a week he drove the truck himself, but found that he was unable to stand the physical exertion. He admitted that since that time and up to the time of the trial he

has been engaged in that business, employing a man to drive the truck and do the actual labor of delivering the coal, and that he, himself, attends to the work of buying and paying for the coal, taking orders for coal and other hauling, and making collections, and that he rides on the truck once or twice a week, going to the mine in connection with the buying of coal and to make collections, and that the truck is busy about thirty-six (36) hours a week.

The evidence in the case must be read in the light most favorable to the plaintiff and all reasonable inferences to be drawn therefrom made in his favor. Thus considered, the evidence establishes that, by reason of the grave danger of a rupture of an aneurism of the aorta the plaintiff is unable to do any labor which requires physical exertion; but it also establishes that beginning in December 1933 and continuing ever since he has set up and is carrying on a retail coal and trucking business, which he manages and, with the help of a workman or assistant who does the manual labor of delivering the coal, is conducting a business and engaged in an occupation for profit. He attends to the purchasing of the coal, receives orders from his customers, gives directions to his workman or assistant respecting its delivery, makes collections of all deliveries on credit, and, in substance, has set up and established a new business or occupation which he manages and carries on. It is not essential that he should do, or be able to do, everything necessary to be done in its conduct.

These facts distinguish the case from Cantor v. Metropolitan Life Ins. Co., 108 Pa. Superior Ct. 1, 164 A. 145, where we held that the evidence justified a recovery by the insured. In that case we construed the term, 'totally disabled', in its relative rather than literal sense, as meaning, "such disability as will prevent the insured from engaging in and carrying on any

gainful business or occupation and himself performing a substantial and essential part of the work incident thereto" (p. 6). This definition of the term 'totally disabled' was approved by the Supreme Court in Cooper v. Metropolitan Life Ins. Co., 317 Pa. 405, 409, 177 A. 43, in contradistinction to the extract from the case of Pannone v. John Hancock Mut. Life Ins. Co., 157 A. 876 (R. I.), quoted on page 7, on which appellant relied. In the Cooper case, the Supreme Court, speaking through Mr. Justice KEPHART, in reversing the court below said: "The jury was instructed that totally and wholly disabled, as used in the policies, meant not 'absolute helplessness, but rather the inability of the insured to do the greater portion or substantial part of his work or duty.' This left the jury free to find that the plaintiff was entitled to recover so long as he could not perform the substantial part of the occupation at which he was engaged at the time of the accident. The policies definitely excluded any such interpretation. The policies said *any* business, occupation or employment for compensation or profit. It should be clear that disability to engage in *any* business or occupation does not mean disability merely to carry on the same business or occupation that he had previously been engaged in ...... A reasonable interpretation of the words of the policy is, that the total disability to engage in any occupation or work for compensation or profit which is insured against, means inability to perform any of the duties of any occupation which the insured might be ordinarily capable of performing."

While the plaintiff is, by reason of his aneurism and the danger which would accompany physical labor, unable to do the work which he formerly did as an employee of the Allegheny Steel Company, it is undisputed that, since leaving its employ because of physical disability, he has engaged in a new and distinct occupa-

tion or business, which he manages and carries on for profit, and, in consequence, is not now, and has not been since he did this, totally disabled within the terms of the policy of insurance.

Judgment affirmed.