## Sebastianelli *v.* Prudential Insurance Company of America, Appellant.

Argued January 24, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN and BARNES, JJ.

*A. Floyd Vosburg,* with him *A. A. Vosburg,* of *Vosburg & Vosburg,* for appellant.

*L. D. Savige,* with him *James G. Colleran,* for appellee.

OPINION BY MR. JUSTICE STERN, March 25, 1940:

Plaintiff owned a policy of life insurance issued by defendant company. The policy provided also for total and permanent disability benefits. Plaintiff worked from time to time at various occupations, and finally as a miner. In the course of the latter employment he was injured on May 23, 1934, by a piece of rock falling on his leg. On November 15, 1934, he filed with defendant due proof of disability, but the company disallowed the claim. Subsequently he brought suit to recover the disability benefits and also the premiums which he had continued to pay after the happening of the accident. The jury returned a verdict in his favor and the court

overruled defendant's motion for a new trial and for judgment n. o. v.

There was considerable conflict of testimony in regard to the extent to which plaintiff's injury incapacitated him. His physicians testified that in their professional opinion he was unable to perform any of the duties of any occupation which he might ordinarily be capable of performing, and that they believed this condition would be permanent. Physicians called on behalf of defendant gave opinions to the contrary. The learned trial judge correctly instructed the jury as to the proper interpretation of the provision in the policy concerning total and permanent disability, as laid down in *Cooper v. Metropolitan Life Insurance Co.*, 317 Pa. 405, and *Pearlman v. Metropolitan Life Insurance Co.*, 336 Pa. 444, and the court was justified in holding that the verdict rendered was not against the weight of the evidence.

Defendant complains it was error to permit plaintiff to produce evidence that he was still disabled at the time of the trial, instead of confining the testimony regarding his condition to the time when the suit was brought. Since it was the burden of plaintiff to prove not only total but permanent disability, such evidence was entirely in order, just as it would have been proper for defendant to have offered testimony to prove that the disability had ceased prior to the time of trial and therefore was not in fact permanent: *Becker v. Prudential Insurance Co. of America*, 124 Pa. Superior Ct. 138, 144; *Pearlman v. Metropolitan Life Insurance Co.*, 336 Pa. 444.

At the request of defendant, the trial judge submitted to the jury for a special finding the question: "Would the injury to the plaintiff's leg prevent him from performing the duties of a janitor, a watchman, an elevator operator, a flagman at a railroad crossing, or either of those vocations?" The reply was "Yes. But, we agree, he can do other forms of occupation." It is true, as defendant contends, that, if a special finding is irreconcilable with the general verdict, it is the former that

must control. But, as plaintiff's claim would not be defeated merely because he might be able to perform *some* kinds of occupation, and as the jury did not specify the "forms" of occupation they had in mind, the general verdict and special finding are not clearly inconsistent with one another. It was said in *Cooper v. Metropolitan Life Insurance Co.,* 317 Pa. 405, 408: "It is rare that any man is incapacitated from doing some work; many a blind man weaves baskets; a man with both legs and one arm off can sit in a doorway and sell lead pencils, or act as a telegraph operator; but it cannot well be argued that either is not totally disabled."

In addition to the special question which the trial judge submitted to the jury, defendant requested that he present another, as follows: "If the injury to the plaintiff's leg would prevent him from performing any part of the duties of a janitor, a watchman, an elevator operator, a flagman at a railroad crossing, or of any other vocation the duties of which he might ordinarily be capable of performing, in what way would he be so prevented?" The court refused, on the ground that this question called for the writing of an extended "opinion" rather than a simple finding of fact. While the right of a litigant to have the jury make special findings is one that has been consistently supported in Pennsylvania, some measure of discretion must be left to the trial judge to decide whether a proposed question is relevant to the issue between the parties, apt to be helpful in determining it, readily comprehensible, and susceptible of a brief reply. See *Bertinelli v. Galoni,* 331 Pa. 73, 77, 78. We find no abuse of such discretion in the present instance.

One of defendant's complaints is directed to the action of the court in giving additional instructions to the jury in the absence of defendant's counsel. It appears that the jury came into court in the late afternoon for further instructions, and the trial judge was under the impression that counsel for defendant had left town; as a matter of fact, they had returned to their homes

and could have been reached. However, since no error appears in the instructions given, defendant has no real grievance: *Cunningham v. Patton,* 6 Pa. 355, 359, 360; *Allegro v. Rural Valley Mutual Fire Insurance Co.,* 268 Pa. 333, 336, 337.

There is one item in plaintiff's claim which was improperly allowed. The policy provided that defendant, upon receipt of proof of total and permanent disability, would waive payment of premiums during the period of such disability. Plaintiff nevertheless paid the premiums during the four years which elapsed between the time of the happening of the accident and the bringing of suit. He seeks their recovery on the ground that they were not payable under the terms of the policy. They were paid by him without any compulsion which the law recognizes as constituting coercion or duress; the fact that he may have been in a practical dilemma, not wishing to risk the forfeiture of his policy in case he should fail to prove the total and permanent disability which he claimed, made the payments no less voluntary within the meaning of the law. Therefore he cannot now recover them: *Ignatovig v. Prudential Insurance Co. of America,* 16 Fed. Supp. 764; *Jones v. Provident Savings Life Assurance Society of N. Y.,* 147 N. C. 540, 61 S. E. 388; *Rosenfeld v. Boston Mutual Life Insurance Co.,* 222 Mass. 284, 110 N. E. 304; *Richards v. Security Mutual Life Insurance Co.,* 230 Mass. 320, 119 N. E. 744; *Ætna Life Insurance Co. v. Thomas,* 166 Miss. 53, 144 So. 50; *Featherstone v. Stonewall Life Insurance Co.,* 165 Miss. 164, 147 So. 305; *Stonebraker v. Reliance Life Insurance Co. of Pittsburgh,* 123 Fla. 244, 166 So. 583; *New York Life Insurance Co. v. Mason,* 236 Ala. 44, 180 So. 775. See *Real Estate Saving Institution v. Linder,* 74 Pa. 371, 373; *Harvey v. Girard National Bank,* 119 Pa. 212, 222; *De La Cuesta v. Insurance Co. of North America,* 136 Pa. 62, 82, 83; *Tugboat Indian Co. v. A/S Ivarans Rederi,* 334 Pa. 15, 19, 20. There must be deducted from the amount of plaintiff's judg-

ment the sum of $205.10, together with any interest thereon embraced in the verdict, representing the amount of the premiums paid by him after filing proof of disability.

As modified, the judgment is affirmed.