## Feigenbaum v. Prudential Insurance Company of America, Appellant.

Argued October 23, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*A. A. Vosburg,* with him *A. Floyd Vosburg,* of *Vosburg & Vosburg,* for appellant.

*Carlon M. O'Malley,* with him *Harry Needle* and *Ralph P. Needle,* of *Needle, Needle & Needle,* for appellee.

OPINION BY RHODES, J., April 18, 1941:

Plaintiff in this action in assumpsit seeks to recover total and permanent disability benefits under certain insurance policies issued to him by defendant and also the premiums which he had paid since the disability began. The trial resulted in a verdict for plaintiff. Defendant's motion for new trial was dismissed, and

rule discharged on condition that plaintiff remit the premium payments and interest thereon. Remittitur was filed by plaintiff, and judgment was entered on the modified verdict. Defendant has appealed.

Defendant contends that the verdict was contrary to the evidence and capricious in its nature, and that therefore the court below should have granted a new trial. It was for the court below to consider whether the verdict was contrary to the weight of the evidence, and in the absence of a clear abuse of discretion the refusal to grant a new trial on such ground is not, on appeal, a matter for review. *Wilson v. Kallenbach,* 332 Pa. 253, 256, 2 A. 2d 727. After a careful examination of the record, we are convinced that the court below was justified in holding that the verdict was not capricious or so far against the weight of the evidence that a new trial should be granted.

The policies in question, and upon which this action was based, contain the same provision as to disability payments and waiver of premiums.[1] Plaintiff, in his

---

[1] "Disability before age 60—Waiver of premium.—If the insured after the first premium on this policy has been paid, shall furnish due proof to the Company, while this policy is in full force and effect and while there is no default in the payment of premium, that he after the payment of such first premium, while less than sixty years of age, from any cause whatever shall have become totally disabled or physically or mentally incapacitated to such an extent that he is by reason of such disability or incapacity rendered wholly and permanently unable to engage in any occupation or perform any work for any kind of compensation of financial value, the Company upon receipt of such proof will waive the payment of each premium that may become due under this policy during such disability."

"Total and permanent disability benefits. Monthly income (different in each policy) ten dollars per month for each $1000 of the face amount of insurance, payable to the insured in the event of total and permanent disability before age 60, subject to the provisions as to total and permanent disability contained in the policy. Waiver of premiums in event of total and permanent disability as hereinafter **provided.**"

statement of claim, averred that he became ill from various diseases, after the policies were issued and delivered, and that from July 1, 1938, as a result thereof, he was totally disabled so as to become incapacitated from engaging in any occupation for remuneration or profit, and that such disability has continued without interruption from July 1, 1938, and will be permanent. Defendant, by its affidavit of defense, denied that plaintiff was totally and permanently disabled within the meaning of the provisions of the policies.

Plaintiff, at the time of suit, was 58 years of age. For a period of 28 years he conducted a clothing store in Scranton, Pa., and had never followed any other vocation than the clothing business. He also owns a number of properties in that city. Plaintiff testified that he became sick in 1935; that his condition became progressively worse; that on July 1, 1938, he had to stop working at the store; and that since that time he has never returned to it. He testified further that his vision became greatly impaired so that he could not read, distinguish colors, recognize customers, or write correctly; that he had pain in his legs and back, which prevented him from waiting on customers; that it was exceedingly difficult for him to walk; and that he was confined to bed on numerous occasions.

Plaintiff's contention was supported by lay witnesses, and six medical experts who treated plaintiff and described his condition in detail. The doctors testified that he suffered from complicated cataracts, arteriosclerosis, bilateral inguinal hernia, a weakened and diseased heart, flat feet, hypertrophic osteoarthritis all over his skeletal system which, in the region of the spine, ossified the intervertebral discs to the extent that some of the vertebrae had become fused, and that he must have severe pain.

Plaintiff's doctors who were asked testified that in their professional opinion plaintiff was physically incapacitated to such an extent that by reason of such

disability he was rendered totally and permanently unable to engage in any occupation and to perform any work for any kind of compensation, and that "the man is through."

Defendant's doctors who examined plaintiff testified that nearly all the conditions described by plaintiff's doctors existed, but to a modified degree, and not to the extent that he was totally and permanently disabled; that plaintiff could do some things in connection with the management of his clothing business, and could collect rents from properties owned by him.

It was for the jury to decide the factual issues raised by the testimony offered in support of the respective contentions under instructions of the trial judge as to the applicable legal principles. *Henes v. McGovern, Adm'r,* 317 Pa. 302, 312, 176 A. 503. The weight of the testimony was primarily for the jury, and secondarily for the court below on the motion for a new trial. *Koch et al. v. Imhof et al.,* 315 Pa. 145, 147, 172 A. 672. Although the testimony was conflicting, we are unable to find any abuse of discretion in the action of the court below in refusing defendant's motion for new trial on the ground that the verdict was against the weight of the evidence and capricious.

The test of ability to engage in work for a living is not some fanciful or imaginary occupation conjured up for the occasion, and in which there is no likelihood of any one employing the insured, but the disability must be such "as will prevent the insured from engaging in and carrying on any gainful business or occupation and himself performing a substantial and essential part of the work incident thereto": *Cantor v. Metropolitan Life Ins. Co.,* 108 Pa. Superior Ct. 1, at page 6, 164 A. 145, at page 146, approved in 317 Pa. 405, 409, 177 A. 43; *Mirabella v. Metropolitan Life Ins. Co.,* 143 Pa. Superior Ct. 500, 18 A. 2d 474.

As said in *Pearlman v. Metropolitan Life Ins. Co.,* 336 Pa. 444, at page 448, 9 A. 2d 432, at page 434, total

disability "does not mean that the insured must be a helpless invalid in order to become entitled to benefits under such a policy, nor is he barred from recovery because he may be able to perform a few trivial and desultory acts or light work of a limited character and at irregular intervals, but it does mean that it is not enough for the insured to show that he is unable to do a substantial part of his ordinary work."

In the instant case the testimony, in our opinion, was clearly sufficient to meet these requirements, and establish that plaintiff had "become totally disabled or physically or mentally incapacitated to such an extent that he is by reason of such disability or incapacity rendered wholly and permanently unable to engage in any occupation or perform any work for any kind of compensation of financial value."

Defendant also contends that errors were committed by the trial judge at the trial of the case, which require reversal of the judgment with a venire.

Defendant complains that the trial judge allowed Dr. L. G. Redding to testify to his examinations of plaintiff's eyes after suit was brought, as the witness asserted that he was unable to state whether or not such condition existed prior to the bringing of the suit. Dr. Redding first examined plaintiff on September 29, 1939. Dr. L. C. Peter testified to the eye condition before the bringing of the suit, and the testimony of Dr. Redding proved the continuance and permanence of the condition. It was plaintiff's burden to prove not only total but permanent disability. Therefore, it was competent for plaintiff to prove that he was still disabled at the time of the trial, just as it would have been proper for defendant to have offered testimony to prove that the disability had ceased prior to the time of the trial. *Sebastianelli v. Prudential Insurance Company of America,* 337 Pa. 466, 468, 12 A. 2d 113; *Becker v. Prudential Insurance Company of America,* 124 Pa. Superior Ct. 138, 144, 188 A. 400.

In defendant's brief it is stated that Dr. Peter did not testify that the eye condition of plaintiff existed prior to the institution of suit on July 13, 1939. The deposition of Dr. Peter was taken on October 28, 1939, and read to the jury at the trial on January 30, 1940. That testimony shows that Dr. Peter first examined plaintiff on February 5, 1937; that he saw him at intervals of one to two months up to October 27, 1939; that plaintiff had complicated cataracts of both eyes, and a low grade uveitis which produced a partial loss of sight; that the condition existed from the time of Dr. Peter's first examination to the last examination on October 27, 1939. Dr. G. L. Newmann, who saw plaintiff on July 1, 1938, and who treated plaintiff to the time of trial, also testified that plaintiff suffered from cataracts.

Defendant makes the same complaint to the testimony of Dr. George Clark, another of plaintiff's witnesses. Not only did Dr. Clark testify to conditions described by other doctors who examined plaintiff before suit, but he also testified that in his opinion these conditions existed prior to the time plaintiff was forced to quit work.

Defendant next submits that the trial judge erred in excluding from evidence a part of the proofs of disability sent in by Dr. Newmann. The question and answer involved in defendant's offer are as follows: "If recovery has not occurred, give approximate date when you think the insured will be able to perform some work." Dr. Newmann answered: "Uncertain." Previously defendant conceded that proper proofs of claim were presented by plaintiff. Defendant admits that the offer was for the single purpose of attacking the credibility of Dr. Newmann, who had testified that plaintiff had been totally and permanently disabled since July 1, 1938. As the court below points out in its opinion, the answer is no contradiction, because "there is always a possibility that the disability will be overcome." "Physicians, whatever their professional learning and skill,

cannot always make reliable prognostications, for in our age science is constantly devising methods of overcoming diseases formerly considered incurable. Therefore, if the insured had to establish the fact of permanency of disability to a degree of absolute certainty, no benefits would be recoverable until his death had furnished the only indubitable proof": *Pearlman v. Metropolitan Life Ins. Co.*, supra, 336 Pa. 444, at page 450, 9 A. 2d 432, at page 435. See, also, *Tibbetts v. Prudential Insurance Company of America*, 313 Pa. 310, 313, 169 A. 382; *Garabedian v. Metropolitan Life Ins. Co.*, 135 Pa. Superior Ct. 320, 324, 5 A. 2d 379.

The use of the word "uncertain" by Dr. Newmann must also be considered in the light of the other questions and answers in the proof of claim which were not included in the offer. The next question was: "Do you consider the insured so disabled that he or she will for all time be prevented from engaging in gainful work of any kind?" The reply was: "Yes." When defendant made the offer to introduce in evidence the question and answer for the purpose given, Dr. Newmann had testified on both direct and cross-examination, and no attempt had been made to interrogate him on this matter. We find no statements in the testimony of the witness so inconsistent with his answer to the question in the proof of claim as to warrant their introduction in evidence for the purpose for which they were offered.

Defendant has assigned as error the refusal of the trial court to submit to the jury for a special finding the following question: "If the plaintiff at the time of the bringing of this suit, could not perform all of the duties incidental to the ownership and management of the store business, could he perform some of such duties?" In this refusal there is no reversible error, for defendant was denied nothing it had a right to claim. "While the right of a litigant to have the jury make special findings is one that has been consistently supported in Pennsylvania, some measure of discretion must be left to

the trial judge to decide whether a proposed question is relevant to the issue between the parties, apt to be helpful in determining it, readily comprehensible, and susceptible of a brief reply. See *Bertinelli v. Galoni,* 331 Pa. 73, 77, 78 [200 A. 58]": *Sebastianelli v. Prudential Insurance Company of America,* supra, 337 Pa. 466, at page 469, 12 A. 2d 113, at page 114. The issue was not that as presented by defendant in its rejected question. See *Sebastianelli v. Prudential Insurance Company of America,* supra, pp. 468, 469; *Pearlman v. Metropolitan Life Ins. Co.,* supra, p. 448. The trial judge clearly and fully presented the issue of total and permanent disability in his general charge. The jury also received four questions submitted by defendant for special findings which related to plaintiff's capability to work, one of them being: "Could the plaintiff, Emil Feigenbaum, when suit was brought perform any of the duties incident to the ownership and management of his clothing store?" The reply was: "No."

The court below properly disallowed the voluntary premium payments made after disability began and before suit was brought, and entered judgment for the revised amount in accordance with the remittitur filed by plaintiff. The same conclusion was reached in *Sebastianelli v. Prudential Insurance Company of America,* supra. See, also, *Astrin v. Metropolitan Life Ins. Co.,* 341 Pa. 120, 17 A. 2d 887, 889. Defendant has here shown nothing which would indicate that submission of this matter to the jury was prejudicial.

Assignments of error are overruled.

Judgment is affirmed.