Catalano *v.* Prudential Insurance Company of America, Appellant.

Argued April 21, 1942.

332

*John M. Bennett,* of *Weimer & Bennett,* with him *James W. Mack, Jr.,* and *J. L. Miller,* for appellant.

*John S. Simpson,* with him *Fisher & Ruddock, Peelor & Feit* and *R. Carlyle Fee,* for appellee.

OPINION BY RHODES, J., September 30, 1942:

Plaintiff brought this action in assumpsit against defendant to recover total and permanent disability benefits alleged to be due under an insurance policy. The relevant provision of the policy is printed in the margin.[1]

---

[1] "Disability before Age 60: Waiver of Premiums—Monthly Income to the Insured.—If the Insured shall become totally and permanently disabled, either physically or mentally, from any cause whatsoever, to such an extent that he ...... is rendered wholly, continuously and permanently unable to engage in any occupation or perform any work for any kind of compensation of financial value during the remainder of his ...... lifetime, and if such disability shall occur at any time after the payment of the first premium on this Policy, while this Policy is in full force and effect prior to its maturity as an Endowment and while the Insured is less than sixty years of age, and before any non-forfeiture provision shall become operative, the Company, upon receipt of due proof of such disability, will grant the benefits hereinafter specified, dating from the commencement of such disability, or if the proof submitted shall not be due proof of the permanency of such disability but shall be due proof that total disability as defined exists and has existed continuously during a period of not less than ninety consecutive days immediately preceding receipt of such proof, such disability shall be presumed to be permanent and the company will grant the said benefits dating from the end of ninety days from the commencement of the period of total disability which has existed continuously to the date of such proof."

In October, 1937, plaintiff underwent an operation. Disability benefits were paid to him at the rate of $100 per month[2] to and including June, 1938. In July, 1938, defendant notified plaintiff that it was restoring his policy to a premium paying basis, and refused to pay any further monthly benefits. Its position was that plaintiff was not totally and permanently disabled within the meaning of the policy. This assumpsit action was then brought for the monthly benefits which would have accrued thereafter. The jury returned a verdict for plaintiff. Defendant's motions for judgment n.o.v. and a new trial were overruled. From the judgment entered for plaintiff, defendant has appealed, and assigns as error the lower court's refusal to enter judgment n.o.v.

The only matter for our consideration is the adequacy of the proof that plaintiff was totally and permanently disabled within the meaning of the policy, and thus entitled to its benefits. Having read the evidence in the case in the light most favorable to plaintiff, and having made all reasonable inferences to be drawn therefrom in his favor, we are of the opinion that plaintiff was not shown to be totally disabled within the terms of the policy of insurance, that defendant's point for binding instructions should have been affirmed, and that the court below was in error in refusing to grant defendant's motion for judgment n.o.v.

In order to recover under the provisions of the policy the burden was on plaintiff to prove that he was totally and permanently disabled (*Pearlman v. Metropolitan*

---

[2] The face amount of the policy was $10,000, and the monthly income payments were thus derived:

"Total and Permanent Disability Benefits.

"Monthly Income Ten Dollars per month for each $1000 of the Face Amount of Insurance, payable at the Home Office of the Company to the Insured in event of total and permanent disability before age 60, subject to the provisions as to Total and Permanent Disability contained in the Policy."

*Life Ins. Co.,* 336 Pa. 444, 451, 9 A. 2d 432);[3] the burden of proving the breach of defendant's obligation rested upon plaintiff who asserted it as the ground of the recovery which he seeks. "The phrase 'burden of proof' means exactly what it says ...... In a *civil* case the evidence of facts and circumstances on which plaintiff relies and the inferences logically deducible therefrom must so preponderate in favor of the basic proposition he is seeking to establish as to exclude any equally well supported belief in any inconsistent proposition": *De Reeder et al. v. Travelers Ins. Co.,* 329 Pa. 328, at pages 333, 334, 198 A. 45, at page 47. To sustain the judgment there must be proof on which the verdict in favor of plaintiff can reasonably be based. *Henderson v. National Drug Co. et al.,* 343 Pa. 601, 607, 23 A. 2d 743.

Plaintiff's operation in 1937 disclosed that he had adhesions throughout the abdominal cavity, and there was medical testimony that these adhesions would endure for the balance of his life. He was fifty-three years of age, and came to this country in 1907 when he was nineteen years old. He had experience in various occupations and business enterprises. In 1910 he was an employee in a general store, and continued in that employment until 1918. As early as 1916 he was engaged to some extent in the operation of a small coal mine. He later acquired other mines. At the time of

---

[3] "Proof of Continuance of Disability.—Notwithstanding the acceptance by the Company of proof of total and permanent disability, or of proof of the duration of total disability for a period of ninety consecutive days, the Insured, upon demand by the Company from time to time, but not oftener than once a year after such disability has continued for two full years, for the purpose of verifying that such disability is actually permanent and not temporary, shall furnish due proof that he ...... actually continues in the state of disability defined above. In case of failure to furnish such proof, no further premiums shall be waived and no further monthly payments shall be made on account of such disability ......"

the trial he owned mines which were being operated, and he was a member of the Coal Producers' Association. At that time he also had a timber business which supplied timber for his own and other mines. In 1924 he purchased the store business and a theatre from the employer for whom he had worked from 1910 to 1918. He closed the store in 1926, and disposed of the theatre in 1934. He testified that up to September, 1937, he did manual labor and also supervised and managed his mining operations; that during the time he operated his store he managed it and performed all the necessary duties in connection therewith; that for ten years he operated and managed the theatre and performed all the supervisory work necessary to be done in its operation. From 1925 to 1934 he was engaged with another in the installation of furnaces. In the summer of 1937 he purchased a beer distributing business, and obtained a license for the distribution of malt beverages. He annually renewed the license, and this business was being conducted in his name at the time of the trial in March, 1941. He also held a commission as notary public in this state and functioned as such.

Although plaintiff was unable to do manual labor as a result of his physical condition, there was an absence of competent proof from which the jury could find, as provided by the policy, that he had "become totally and permanently disabled, either physically or mentally, from any cause whatsoever, to such an extent that he ...... is rendered wholly, continuously and permanently unable to engage in any occupation or perform any work for any kind of compensation of financial value ......"

His inability to do manual labor did not establish total disability as defined by the policy. Even if he is unable to do everything necessary to be done in the conduct of the businesses which he owns, he cannot be considered as totally disabled. *Butler v. Metropolitan Life Ins. Co.*, 122 Pa. Superior Ct. 159, 161, 186 A.

336

395. Manual labor which he may be unable to perform is not necessarily essential in the management and supervision of every business. Since his inability to do physical labor he has still operated, and carried on for profit, his coal mines, his timber business, and his beer distributing business. It was not shown that he was so incapacitated that he could not go about and supervise and manage his business enterprises as he had done before his alleged disability.

If the verdict in this case is to be justified and sustained, it must be on the basis of the presence of a factual issue raised by the pleadings and the evidence, and requiring the judgment of the jury. We find no competent evidence in the record that the adhesions were sufficiently serious to cause plaintiff to be totally disabled within the meaning of the provisions of the policy. All the medical testimony is to the contrary, and there are no other acceptable implications of the totality of his disability. Three doctors were called by plaintiff, and one by defendant. Their testimony is not conflicting in any material respect. Three of the medical witnesses testified that plaintiff could not perform manual labor, but they were of the opinion that he could do work of a managing and supervisory nature. See *Cooper v. Metropolitan Life Ins. Co.*, 323 Pa. 295, 186 A. 125. The other medical witness expressed no opinion. Plaintiff's own testimony relative to his physical condition was meager, and is summarized by the following extracts: "Q. How long has it been since you have worked? A. Since September of 1937. Q. And why have you not worked since September of 1937? A. I was sick, and at the hospital; got an operation; and I came home; since that I have never been able to get strong enough to go back ...... Q. Have you had medical advice as to whether or not you should engage in manual labor? A. Yes, sir. Q. Was that advice that you should or should not? A. Should not." He

also testified that he had "Headaches, and stomach ache, and weakness."

Plaintiff was a competent witness to testify to his symptoms and to facts within his knowledge. But it is manifest that his testimony standing alone was insufficient to require the case to be submitted to the jury on the real issue.[4] The nature and the effect of plaintiff's internal adhesions, as well as their presence, were matters of medical science, and the testimony of non-expert witnesses as to such matters would not be of any value, and would be without probative force. *Critzer et ux. v. Donovan et al.*, 289 Pa. 381, 387, 137 A. 665.

Consequently, it cannot be said that there is any evidence from which a jury could find that plaintiff is totally disabled within the terms of the policy upon which he seeks to recover benefits for total and permanent disability. Although "total disability" does not mean helplessness or complete disability, it includes more than that which is partial. *Wuerfel v. Metropolitan Life Ins. Co.*, 343 Pa. 291, 297, 22 A. 2d 747.

The case before us is clearly distinguishable from *Feigenbaum v. Prudential Insurance Co. of America*, 144 Pa. Superior Ct. 412, 19 A. 2d 542, where the plaintiff was physically incapacitated from performing any work whatsoever, supervisory or other kind; and it is somewhat analogous to *Butler v. Metropolitan Life Ins. Co.*, supra, where the insured was physically unable to drive a coal truck, as he had formerly done, but was capable of managing a coal trucking business in which he was engaged.

The assignment of error is sustained.

Judgment is reversed, and is here entered for defendant.

---

[4] For definition of total disability see *Woolford v. The Equitable Life Assurance Society of the United States*, 149 Pa. Superior Ct. 225, 27 A. 2d 411; *Wuerfel v. Metropolitan Life Insurance Co.*, 343 Pa. 291, 22 A. 2d 747.