Gryszkiewicz, Appellant, *v.* Prudential Insurance
Company of America.

· Argued October 29, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, RHODES, ·
HIRT and KENWORTHEY, JJ.

*J. A. Welsh,* for appellant.

*Richard Henry Klein,* with him *J. L. Miller,* for appellee.

OPINION BY RHODES, J., December 8, 1942:

Plaintiff brought this action in assumpsit to recover disability benefits alleged to be due under a policy of insurance issued by defendant. The pleadings consist of plaintiff's statement of claim, defendant's affidavit of defense together with new matter, plaintiff's reply, and defendant's motion for judgment for want of a sufficient reply to new matter in defendant's affidavit of defense.

From the judgment entered for defendant, plaintiff has appealed.

The judgment will be affirmed, but on a ground that does not seem to have been raised in the court below and that consequently was not considered by it. See *Taggart v. De Fillippo,* 315 Pa. 438, 173 A. 423.

The policy was issued on April 4, 1928, and provided for total and permanent disability benefits. The material provision is printed in the margin.[1] Summons in assumpsit was issued on October 25, 1940, and on November 12, 1940, plaintiff filed his statement of

---

[1] "Disability Before Age 60: Waiver of Premiums—Monthly Income to the Insured.—If the Insured shall become totally and permanently disabled, either physically or mentally, from any cause whatsoever, to such an extent, that he (or she) is rendered wholly, continuously and permanently unable to engage in any occupation or perform any work for any kind of compensation of financial value during the remainder of his (or her) lifetime, and if such disability shall occur at any time after the payment of the first premium on this Policy, while this Policy is in full force and effect and the Insured is less than sixty years of age, and before any non-forfeiture provision shall become operative, the Company, upon receipt of due proof of such disability, will grant the following benefits:"

claim[2] in which he averred that a cataract formed on his left eye, and that because of this condition he was totally disabled from December 26, 1935, to September 1, 1936; other averments therein were that vision in his left eye again became impaired in February, 1940, that an examination disclosed he was suffering from glaucoma in his left eye, and that as a result he was totally disabled from February 18, 1940, to June 24, 1940.

Plaintiff seeks to recover for two periods of temporary disability. There is no provision in the policy, upon which suit was brought, for the payment of benefits for temporary disability. His admission that disability had ceased before suit precludes recovery in this action. His statement of claim fails to set forth a good cause of action. We also quote from his brief: "All appellant claims is that he was temporarily deprived of the use of his left eye during the periods for which he claims compensation."

The policy provides for payment of benefits if the insured shall become "totally and permanently disabled"; both conditions are prerequisites. *Pearlman v. Metropolitan Life Ins. Co.*, 336 Pa. 444, 9 A. 2d 432; *Garabedian v. Metropolitan Life Ins. Co.*, 135 Pa. Superior Ct. 320, 5 A. 2d 379. "Permanent disability" means that which is continuing as opposed to that which is temporary. *Wuerfel v. Metropolitan Life Ins. Co.*, 343 Pa. 291, 297, 22 A. 2d 747. In *Pearlman v. Metropolitan Life Ins. Co.*, supra, 336 Pa. 444, at page 450, 9 A. 2d 432, at page 435, our Supreme Court said: "Whether a person be disabled for days, months or years, if he ultimately recovers he has not been *permanently* disabled. Disability is permanent only when it endures for life. If plaintiff, who was forty-four years of age, was disabled until he was forty-six, but thereafter recovered and re-

---

[2] Attached was copy of policy with supplementary provisions and modification of provisions.

turned to work, he was not permanently disabled. Indeed, it would be a linguistic absurdity to say of a person that he was *permanently disabled for two years.* These policies are not health and accident policies designed to give relief to the insured during temporary periods, from time to time, in which he may be incapacitated for working, but are intended to provide protection only in case of the more grievous condition of total and permanent disability." See, also, *Garabedian v. Metropolitan Life Ins. Co.,* supra, pp. 325, 326. The provision in the policy that, "if the Insured shall furnish due proof that he has been totally disabled ...... during a period of ninety consecutive days, ...... such disability shall be presumed to be permanent" is made subject to the provision that "the Insured, upon demand by the company from time to time ...... for the purpose of verifying that such disability is actually permanent and not temporary, shall furnish due proof" that he continues to be totally and permanently disabled. It does not mean that whenever a disability lasts for ninety days it is to be deemed "permanent." *Pearlman v. Metropolitan Life Ins. Co.,* supra, p. 451. Total disability for temporary periods, which had ceased as disclosed by plaintiff's statement of claim, is insufficient to sustain an action under the terms of the policy; the disability must be total and permanent, not total but merely temporary. A disability which had ended even though it had existed for more than ninety days could not have been a permanent one. *Pearlman v. Metropolitan Life Ins. Co.,* supra, p. 452. Any presumption of permanency from a continuance of the disability for such minimum period is eliminated by the admission that disability has in fact terminated.

Our conclusion renders it unnecessary to discuss other questions presented in the briefs.

The judgment is affirmed.