## NEW YORK LIFE INS. CO. v. LEVINE.

### No. 8724.

Circuit Court of Appeals, Third Circuit.

Argued Jan. 19, 1945.

Decided March 13, 1945.

As Amended March 19, 1945.

Morris W. Kail, of Philadelphia, Pa., for appellant.

Edward J. Fox, Jr., of Easton, Pa. (Fox & Oldt, of Easton, Pa., on the brief), for appellee.

314

Before BIGGS and GOODRICH, Circuit Judges, and LEAHY, District Judge.

BIGGS, Circuit Judge.

We are concerned in the case at bar with the amounts due from New York Life Insurance Company to Jacob Levine* under two policies of insurance, No. 8,375,155 and No. 11,150,820, issued by the company to Levine.

■ The District Court concluded in respect to policy -155 that benefits were due from the first day of the month following receipt of proof of disability by the company and that premiums paid subsequent to that date should be refunded. The District Judge held that notice of disability was given by the insured to the company on August 12, 1940. He concluded, therefore, that disability payments should have been paid from September 1, 1940 to August 1, 1944 (exclusive of the August 1, 1944 payment), amounting to $940. The claimant takes the position that the provisions of the policy required the company to make payments for disability from the date that the insured was disabled, viz., April 1, 1937. This contention is incorrect for the pertinent clause provides that "The first income payment shall become due on the first day of the calendar month following receipt of proof of total and permanent disability or proof of continuous total disability for three consecutive months * * *, and succeeding payments shall become due on the first day of each calendar month thereafter." This language is so clear as to afford no basis for Levine's contention. The District Court correctly allowed interest on the principal sum of $940 at the rate of 6% per annum from September 1, 1940 to August 1, 1944, or $118.46.

The court below also included in the judgment the sum of $295.26, representing the return of seven semi-annual payments of premiums from February 1, 1941 to August 1, 1944. One premium, $42.18, was paid after the judgment of this court on October 18, 1943. See the note, supra. The company contends that if it had approved the claimant's proof of disability on October 18, 1943, the " * * * payment of the premium on February 1, 1944 would have been a voluntary payment, which could not be recovered." The company

states that, "The opinion of the Circuit Court constituted involuntary approval of the proof. The payment of any subsequent premium was voluntary and cannot be recovered." The policy provides that "The Company will waive payment of any premium falling due after approval of such proof of disability and during such disability. Any premium due prior to such approval is payable in accordance with the terms of the policy, but if due after receipt of said proof will, if paid, be refunded upon approval of such proof."

■ As we have stated, notice of disability was furnished by Levine to the company on August 12, 1940. The next semi-annual payment of premium on the policy, if due, was due on February 1, 1941, and the semi-annual premium of this date was paid. It is clear that under the law of Pennsylvania premiums voluntarily paid are not recoverable. Sebastianelli v. Prudential Insurance Co., 337 Pa. 466, 470, 12 A.2d 113, 115. The claimant's position in respect to voluntary payment is not aided by the ruling of the Superior Court of Pennsylvania in Feigenbaum v. Prudential Ins. Co. of America, 144 Pa.Super. 412, 420, 19 A.2d 542, 546-547, merely because the premium was paid after the inception of the company's suit for a declaratory judgment in the court below on January 7, 1942 and after the answer and counterclaim of the claimant had been filed on January 20, 1942. But any question of "involuntary approval" by the company of the proof of disability offered by the claimant and the date or dates thereof is rendered immaterial by the provisions of the policy last quoted. Since the proof submitted by the claimant was sufficient, the company was required by the terms of the policy to refund the premiums paid after adequate proof of disability was presented to it. It follows that the sum of $295.26 was included properly in the judgment since the policy required it. Interest on this principal amounts to $37.05.

■ As to policy -820, the court below correctly included in the judgment the amounts of disability payments due from April 1, 1937 to August 1, 1944 (not including the payment for August 1, 1944) at the rate of $20 a month. The policy provided that benefits should be paid for "each com-

* For the previous history of this case see New York Life Ins. Co. v. Levine, 3 Cir., 138 F.2d 286. The decision of the court below following remand is not for publication.

pleted month". Consequently, since the period runs from April 1, 1937, the first payment was not due until May 1, 1937, the principal amount was stated correctly in the judgment as $1,740 the contentions of both parties to the contrary notwithstanding. The court below, however, included in the judgment interest from May 1, 1937, the date of the first payment, to August 1, 1944. It does not appear on what theory the learned District Judge proceeded in employing this interest period. April 1, 1937 is the date of the commencement of the claimant's disability, but the company was not obligated to make any payments to the insured by way of disability benefits until it had received proof of his disability. Proof was not furnished until August 12, 1940. The company, therefore, is not required to pay interest on a claim which had not been presented to it for the pertinent language of the policy provides that, "Upon receipt * * * of due proof that the Insured is totally disabled * * * [disability] benefits will be granted. * * *" Interest upon the principal sum of $1,760 therefore should be computed from August 12, 1940.

The claimant also contends that he is entitled to recover all premiums paid upon the policy from April 1, 1937 to April 1, 1944 amounting to $870.24 with interest thereon. The payment of these premiums was voluntary within the ruling of the Supreme Court of Pennsylvania in the Sebastianelli case. The claimant cannot recover them.

The judgment is modified to the extent indicated in the opinion and as thus modified is affirmed.