COLUMBIAN NAT. LIFE INS. CO. v.
GOLDBERG.

No. 10317.

Circuit Court of Appeals, Sixth Circuit.

Jan. 13, 1947.

C. J. Hoyt, of Youngstown, Ohio (C. J. Hoyt and Hammond, Hoyt & Rand, all of Youngstown, Ohio, and Bailey Aldrich and Choate, Hall & Stewart, all of Boston, Mass., on the brief), for appellant.

W. P. Barnum, of Youngstown, Ohio (W. P. Barnum and Louis Gelbman, both of Youngstown, Ohio, on the brief), for appellee.

Before SIMONS, ALLEN and MARTIN, Circuit Judges.

MARTIN, Circuit Judge.

Again, the Columbian National Life Insurance Company appeals from the judgment of the district court for the Northern District of Ohio with respect to the same life insurance policy previously in-

volved in litigation brought to this court. In a declaratory judgment suit praying adjudication that the insured appellee, Abraham Goldberg, having become wholly disabled within the meaning of the policy, was entitled to the benefits of its waiver-of-premiums provisions, we distinctly held that Goldberg *was* entitled to the waiver of all premiums becoming due after July 1, 1939, so long as he remains wholly disabled by bodily injury or disease from permanently and continuously engaging in any occupation whatever for remuneration and profit. Columbian Nat. Life Ins. Co. v. Goldberg, 6 Cir., 138 F.2d 192; certiorari denied 321 U.S. 765, 64 S.Ct. 524, 88 L.Ed. 1062.

The appellee has remained so disabled; yet, this time, the insurance company contends that the district court erred in holding that the insured be required to credit on his policy loan premiums paid by him after the institution of the declaratory judgment suit on the alleged grounds that Pennsylvania law governs; that thereunder voluntary payments cannot be recovered, payments made under protest being nonetheless voluntary; and that "payment by a disabled insured of a premium which he says should have been waived, made in order to keep his policy from lapsing in case he is wrong in believing himself disabled, is under Pennsylvania law a voluntary and hence irrevocable payment."

Sebastianelli v. Prudential Insurance Co. of America, 337 Pa. 466, 470, 12 A.2d 113, is the leading authority cited by appellant. But, there, the insured merely sought unsuccessfully to recover premiums paid by him during the four-year period between the date of his accident and the time of institution of his suit. In the instant case, the premiums were paid while litigation to determine liability for them was pending. Nor was Astrin v. Metropolitan Life Ins. Co., 341 Pa. 120, 17 A.2d 887, also cited by appellant, such a suit as we have here. Likewise, Feigenbaum v. Prudential Insurance Co., 144 Pa.Super. 412, 413, 420, 19 A.2d 542, 546, involved premiums paid before suit was brought. Indeed, there was an intimation that premium payments made after suit was brought might stand on a different basis from "voluntary premium payments made after disability began and before suit was brought."

It is true that, in the case from the Third Circuit Court of Appeals cited by appellant, New York Life Ins. Co. v. Levine, 148 F.2d 313, 314, the statement was made: "It is clear that under the law of Pennsylvania premiums voluntarily paid are not recoverable. Sebastianelli v. Prudential Insurance Co., 337 Pa. 466, 470, 12 A.2d 113, 115. The claimant's position in respect to voluntary payment is not aided by the ruling of the Superior Court of Pennsylvania in Feigenbaum v. Prudential Ins. Co. of America, 144 Pa.Super. 412, 420, 19 A.2d 542, 546, 547, merely because the premium was paid after the inception of the company's suit for a declaratory judgment in the court below * * *." With due deference, we think there was no compulsion by the Pennsylvania authorities that the doctrine of voluntary payment should be carried to the extent to which the Court of Appeals carried it.

█ We agree with the district judge in the case before us that, even if controlling, the Pennsylvania rule pertaining to voluntary payments should not be extended beyond the requirements of adjudications of the Pennsylvania courts. The doctrine would be too harsh for application to the facts of this case, unless absolutely required. As was pointed out in New York Life Ins. Co. v. Talley, 8 Cir., 72 F.2d 715, 718, the rule that money voluntarily paid cannot be recovered has many conditions, qualifications, and exceptions, one being that compulsory payments are not within the rule; and what constitutes compulsion depends upon the peculiar facts and circumstances of each case.

█ The district court felt bound to treat as voluntary and not recoverable all premium payments made by the insured prior to the filing of his declaratory judgment suit, but properly held that Goldberg was entitled to credit for the premiums paid by him thereafter. It was well reasoned, on application for rehearing, that if the insurance company were permitted to retain the premiums paid while the insured was asserting in his declaratory

judgment suit his non-liability for such payments, the judgment rendered therein would be in effect denied. The insurance company knew that in the circumstances the premiums were not being voluntarily paid in any true sense of the word "voluntary." The fear of Goldberg that he might be cast in his pending suit was manifestly a very real fear. Obviously, he felt that he might be risking his all under the policy, if he should fail to win. Payment by the victim of such fears is not a free will offering. As was reasoned by the district court, it would be an inequitable nullification of the declaratory judgment previously rendered to hold voluntary the premium payments made by Goldberg during the pendency of his suit. We held that he was not obligated to make the payments. He should be given proper credit for them on his policy loan.

The judgment of the district court is affirmed.