### IGNATOVIG v. PRUDENTIAL INS. CO. OF AMERICA.

### No. 3633.

District Court, M. D. Pennsylvania.
Dec. 12, 1935.

Frank J. Williams, of Wilkes-Barre, Pa., for plaintiff.

Vosburg & Vosburg, of Scranton, Pa., for defendant.

JOHNSON, District Judge.

This is a motion by the defendant for a new trial. The defendant company insured the life of the plaintiff under three standard life insurance policies with additional features of insurance in case of total and permanent disability of the assured, and waiver of the payment of premiums after proof of disability. The plaintiff became afflicted with sinusitis, which he contends caused him to become totally and permanently disabled and therefore entitled him to total and permanent disability installments under the contract of insurance. The defendant denied that the plaintiff was totally and permanently disabled; denied liability for the installments claimed; and required the payment of premiums by the plaintiff to keep the policy in force. The plaintiff paid under protest the premiums as they became due.

Subsequently the plaintiff sued to recover the installments claimed for total and permanent disability and for the premiums paid under protest. The case was tried before the court and a jury and a verdict covering installments, premiums, and interest was rendered for the plaintiff. The defendant moved for a new trial, setting forth numerous reasons therefor, several of which impel the court to grant a new trial.

The sixth and fourteenth reasons charge that the court erred in instructing the jury that to recover for the premiums paid since the alleged disability it was not necessary to show that they were paid under fraud or duress, but that it was sufficient if they were paid under protest. It is well settled that money voluntarily paid with full knowledge of the facts cannot be recovered back except where it was paid under duress, fraud, or mistake. 48 C.J. 734, § 280; New York Life Ins. Co. v. Talley (C.C.A.) 72 F.(2d) 715; Real Estate Saving Institution v. Linder et ux., 74 Pa. 371. A voluntary payment under protest cannot be recovered. The only effect of a protest is to show the involuntary character of a payment procured by duress, and the intent to claim the money back. 48 C.J. 751, 752, § 305; De la Cuesta v. Insurance Co., 136 Pa. 62, 658, 20 A. 505, 9 L.R.A. 631. Accordingly, the instruction to the jury that the plaintiff could recover the premiums if they

were paid under protest, even though there was no fraud or duress, was improper.

For the reasons above stated, the court is of the opinion that a new trial should be granted.