## Ochiuto, Admr., Appellant, *v.* Prudential Insurance Company of America.

Argued March 26, 1947. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*M. J. Hindes,* with him *Charles H. Miller,* for appellant.

*John L. Miller,* with him *John H. Scott, Duff, Scott & Smith* and *Galbreath & Braham,* for appellee.

OPINION BY MR. JUSTICE HORACE STERN, April 14, 1947:

In 1929 plaintiff's decedent, Carlo Ochiuto, borrowed from defendant, The Prudential Insurance Company of America, the sum of $13,900, for the repayment of which he gave his bond secured by a mortgage on real estate in Mt. Lebanon Township, Allegheny County. He defaulted on his obligation and, in 1933, defendant entered judgment on the bond in the amount of $29,190 (to be satisfied upon payment of $14,399.41 representing the principal debt, interest and attorney's fees), issued execution against the mortgaged property, and purchased it at sheriff's sale on a bid of $1,576.23, which covered the costs of the writ and unpaid taxes. In the following year defendant notified Carlo that unless he made a payment of $4,000 on account of the deficiency judgment it would issue execution against his other assets; he met this demand by a payment of $2,800, defendant agreeing not to press him unduly for further remittances. No additional payments have ever been made. Defendant did not, within six months after the passage of the Deficiency Judgment Act of July 16, 1941, P. L. 400, or at any time since, petition the court to fix the fair market value of the property. Carlo having died, plaintiff, as administrator of his estate, brought

the present suit to recover the $2,800 paid in 1934, together with interest from January 16, 1942 (a date apparently selected as being six months after the passage of the Deficiency Judgment Act). The court below sustained defendant's affidavit of defense raising questions of law and directed the entry of judgment for defendant.

It is extremely difficult, not to say impossible, to comprehend the theory upon which plaintiff seeks recovery in this action. It is not pretended that the money was paid by decedent under any mistake either of fact or of law; even *had* it been paid under a mistake of law it is elementary that one who voluntarily pays money with full knowledge of the facts, without any fraud having been practiced upon him, cannot recover it back. The payment was made, not in ignorance of the law but pursuant to it, for, until the passage of the deficiency judgment legislation, where there was a sheriff's sale of mortgaged property the only sum to be credited against the indebtedness was that actually realized at the sale; the mortgagee could then pursue the debtor for the balance and for that purpose could issue one execution after another until full satisfaction of the debt was obtained: *Beaver County Building and Loan Association v. Winowich*, 323 Pa. 483, 490, 187 A. 481, 484. When, therefore, decedent made the payment to defendant in 1934 he was paying on account of a debt which was then legally due and owing. Plaintiff contends that decedent was acting under duress because of defendant's threat to levy execution against his remaining property, but in order to constitute duress there must be a threatened seizure of a person or his property for the purpose of compelling him to pay money *for which he is not liable;* moreover, the threat of issuing legal process to enforce a demand cannot, in any event, constitute duress because the threatened party is not being deprived of his day in court and the opportunity to be heard in opposition to the claim: *Tugboat Indian Co. v. A/S Ivarans Rederi*, 334 Pa. 15, 19, 20, 21, 5 A. 2d 153, 155, 156.

As far as the Deficiency Judgment Act of 1941 is concerned, the requirement (in section 1) that the judgment creditor should petition the court to fix the fair market value of the property applies only when he *"seeks to collect the balance due on said judgment".* In the present case defendant is not seeking to collect the balance due on its judgment. Section 7 of the Act would prevent it from so doing because of its failure to file a petition within six months after the passage of the Act, and plaintiff is entitled, under the amendatory Act of May 27, 1943, P. L. 681, to have the judgment marked satisfied of record so as to bar all future claims thereon. But there is no suggestion of any kind in the Act that mortgagors who had previously made payments on deficiency judgments, at times when such payments were legally collectible, can now recover them back. On the contrary, section 9 provides that nothing in the Act shall be construed "to effect a release or discharge of any person otherwise than, nor to any greater extent than as herein expressly provided." Indeed, had the statute attempted to provide for such repayments, it is obvious that the constitutionality of such a provision would be subject to grave doubt.

Judgment affirmed.