**Prudential Insurance Company v. Nissley**

*Windolph, Burkholder & Hartman,* for plaintiff.
*Roda, Morgan, Hallgren & Heinly,* for defendant.

JOHNSTONE, P. J., January 18, 1974.—A preliminary objection in the nature of a demurrer has been filed by defendant to plaintiff's complaint. The facts before us are confined to plaintiff's complaint since the demurrer admits every well-pleaded material fact as well as the inferences reasonably deducible therefrom: Allstate Insurance Company v. Fioravanti, 451 Pa. 108, 111. The preliminary objection will not be sustained and the complaint dismissed unless the case is clear and free from doubt that the law will not permit a recovery: Legman v. Scranton School District, 432 Pa. 342.

The facts in this case are quite simple and the legal problem involved is well defined. Plaintiff issued a policy of insurance to Stanley D. Nissley on July 12, 1956, and defendant was named beneficiary in that policy. The insured died on November 8, 1971, while the policy was in full force and effect. Plaintiff paid to defendant the sum of $12,967.42, which included the sum of $3,000 as a "Non-Occupational Vehicular Accident Benefit." It is averred that the policy of insurance did not provide for any "Non-Occupational Vehicular Accident Benefit" coverage and that the $3,000 payment to defendant on December 13, 1971, was a mistake. Plaintiff demands repayment of the said sum of $3,000, together with interest from December 13, 1971.

It is a fact that defendant mistakenly received $3,000 to which she was not entitled under the policy of insurance. Defendant, by her demurrer, claims that plaintiff has no right to compel her to refund the overpayment made purely by mistake, without any fraud or any misrepresentation on her part. If the law does not permit a recovery under these circumstances, in our opinion a serious injustice would be perpetrated. This

was simply a windfall to defendant, a payment to which she was not entitled and an unjust enrichment which in good conscience she should not be permitted to keep.

Defendant relies on Safran v. Mutual Life Insurance Company of New York, 210 Pa. Superior Ct. 408, where the court said, at page 416: "Payments voluntarily made under a contract of insurance cannot be recovered in the absence of fraud or misrepresentation." This statement was not necessary to the decision in Safran since the court had already decided that the insured was entitled to recover on the merits.

In Kline v. State Employes' Retirement Bd., 353 Pa. 79, the court held, at page 84: "It is well settled that money, not legally due, but paid voluntarily cannot be recovered back: Sebastianelli v. Prudential Insurance Company, 337 Pa. 466; Bausewine v. Phila. Police Pension Fund Association, 337 Pa. 267, 272." At least a dozen cases are cited in the Sebastianelli case in support of this proposition, more than half of them from other jurisdictions. In the first case cited, Ignatovig v. Prudential Insurance Company of America, 16 F. Supp. 764, it is stated: "It is well settled that money voluntarily paid with *full knowledge* of the facts cannot be recovered back." (Italics supplied.) In the present case, there was not a full knowledge of the facts; there was, in fact, a mistake of the facts.

In a long line of cases, one of the earliest of which is Meredith v. Haines, 14 W. N. C., Pa. 364 (1884), it is held that money voluntarily paid under a mutual mistake to a person who is not entitled thereto may be recovered back. McKibben et al. v. Doyle, 173 Pa. 579, is another early case which holds that money erroneously paid under a mutual mistake may be recovered and the fact that the payor was negligent makes no difference in his right to recover. To the same effect

see Kunkel v. Kunkel, 267 Pa. 163, 168; Smith v. Capital Bank and Trust Company, 325 Pa. 369, 373; Betta v. Smith, 368 Pa. 33, 36.

In Foster v. Federal Reserve Bank of Phila., 113 F. 2d 326, Circuit Judge Maris stated: "Under some circumstances the Pennsylvania courts have denied recovery of money paid under mistake of fact. On the other hand there are an equally impressive number of Pennsylvania authorities which have ruled that money paid because of a mistake of fact may be recovered." A long list of cases is cited in support of both propositions. We choose to adopt the holding that a payment made by mistake can be recovered. To us this appears to be equitable and in good conscience. A case directly in point is Prudential Insurance Company v. Luckasavage, 36 Luz. Leg. Reg. 239. The demurrer in this case must then be overruled.

And now, January 18, 1974, the preliminary objection in the nature of a demurrer filed by defendant to plaintiff's complaint is overruled and defendant is granted 20 days within which to file an answer.