Olivette S. Bowers, In the Matter of the Petition of Clarence E. Bowers, Deceased *v.* State Employes' Retirement Board. Olivette S. Bowers, Appellant.

562

Argued February 3, 1977, before Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

*Elliot A. Strokoff,* with him *Jerome H. Gerber,* and *Handler, Gerber and Weinstock,* for appellant.

*Raymond Kleiman,* Deputy Attorney General, with him *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE MENCER, April 11, 1977:

Olivette S. Bowers (claimant) has brought this appeal from an adjudication of the State Employes' Re-

tirement Board (Board). The Board held that the claimant, whose husband at the time of his death was a member of the State retirement system, had properly received benefits totaling $21,209.94 but was not entitled to an additional $10,890 payable to widows of Class A members of the retirement system. We agree.

Clarence Bowers died on August 14, 1964, after working for the Liquor Control Board and making retirement contributions for over 30 years. Several months before his death, he requested to be recertified to Class A from Class B to obtain higher retirement benefits. In order to receive the higher (Class A) benefits classification, he was obligated to pay the sum of $1907.20 into the retirement fund. He elected to make up this amount by increasing his payroll deductions rather than making a lump-sum payment. At the time of his death, Mr. Bowers had made sufficient increased payments to be entitled to 6 months credit at the Class A rate. After his death, the claimant indicated her desire to make a lump-sum payment of the balance of the amount owing in order to receive the larger (Class A) benefit. The Board did not accept this payment and calculated the benefit paid to the claimant by prorating the amount between Class A and Class B service, based on the amount of back payments actually made.

In construing the statutes applicable to this case, we must keep in mind that the retirement system creates a contract between the Commonwealth and its employes, and such contracts should be liberally construed to give effect to the intentions of the parties. *Kline v. State Employes' Retirement Board*, 353 Pa. 79, 84-85, 44 A.2d 267, 269 (1945). At the same time, however, we must be guided by the rule of construction that, "[w]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit."

Statutory Construction Act of 1972, 1 Pa. C.S. §1921 (b).

The central questions before us are *who* is entitled to make back payments and *when* may such payments be made under the State Employes' Retirement Code of 1959[1] (Code). Section 303(2) of the Code, *as amended* by the Act of August 4, 1959, P.L. 621, §15,[2] provided:

> Any *contributor* who heretofore has transferred or shall hereafter transfer from Class B to Class A may pay to the retirement board . . . a sum equal to the difference between the sum of the amounts that would have been deducted from his salary each payroll period had he elected to contribute as a member of Class A and the sum of the amounts actually deducted. Upon completion of such back payments, the entire period of service of such contributor shall be credited as if he had been a member of Class A. (Emphasis added.)

A contributor was defined in Section 102(8) of the Code[3] as "*any person who is presently a State employe,* including one on leave of absence with or without pay, and who has accumulated deductions to his account in the fund to the credit of the members' annuity savings account." (Emphasis added.)

The Code makes it clear that Mr. Bowers himself could have made back payment in full at any time during his state employment,[4] but he chose not to do so. The claimant, however, does not qualify as a con-

---

[1] Act of June 1, 1959, P.L. 392, *as amended* (repealed 1974), formerly found at 71 P.S. §§1725-101 to 809 (current version at 71 Pa. C.S. §§5101-5956).

[2] Formerly found at 71 P.S. §1725-303(2).

[3] Formerly found at 71 P.S. §1725-102(8).

[4] Section 302(2)(g) of the Code, formerly found at 71 P.S. §1725-302(2)(g).

tributor under the definition because she is not a State employe who has accumulated deductions to her credit in an annuity savings account. Since Mr. Bowers could not have been "presently a State employe" after his death, no contributions could be made subsequent to his death. The claimant's argument for an expanded meaning of "contributor" is based in part on her role as a legal representative of her husband's estate under the Fiduciaries Act of 1949.[5] Since the Fiduciaries Act must be considered general legislation in comparison with the specific provisions of the Code, the latter control.[6] Because the words of the statute are clear, we hold that only Mr. Bowers was entitled to make the back payments.

Turning to the question of whether the Board properly calculated the amount of the benefit, Section 303 (3) of the Code, *as amended* by the Act of August 4, 1959, P.L. 621, §15,[7] must be considered:

> Upon application for a benefit . . . , a *contributor* to the State Employes' Retirement System . . . , who has not completed such back payments, shall receive credit as a member of Class A for that portion of his Class B service computed by dividing the amount of back payments paid at the date of application by the total amount of back payments required under

---

[5] Act of April 18, 1949, P.L. 512, *as amended* (repealed 1972), formerly found at 20 P.S. §320.101 et seq. (current version at 20 Pa. C.S. §3101 et seq.). *Compare* Section 407(2) of the Code, *as amended* by the Act of August 27, 1963, P.L. 1233, §28, and formerly found at 71 P.S. §1725-407(2), which provided that, under certain circumstances, payment would be made *to* "the legal representative of said contributor," creating the inference that Section 303(2) would have contained similar language in support of the position claimant asserts here.

[6] *See* Statutory Construction Act of 1972, 1 Pa. C.S. §1933.

[7] Formerly found at 71 P.S. §1725-303(3).

subsection (2) of this section. (Emphasis added.)

Although the Board prorated the amount according to this formula, the claimant has argued that this section only controls when an "application" has been made before the employe's death. In light of our holding that only Mr. Bowers could make the back payments and the fact that he never completed such payments, the time of "application" becomes unimportant because the operative elements of the formula could not change after his death.[8]

. Since the Board's adjudication was in accordance with the law,[9] we enter the following

## ORDER

AND Now, this 11th day of April, 1977, the order of the State Employes' Retirement Board, dated February 18, 1976, denying Olivette S. Bower's petition for benefits is affirmed.

---

[8] The Board relied on Section 407(2) of the Code in deciding that death was the statutory "application for a benefit" in Section 303(3). Section 407(2) provided:

Any contributor who is [eligible for a retirement allowance] and who has died while in State service before filing with the retirement board a written application for a retirement allowance as provided in subsection (1) of this section, shall be considered as having elected Option 1 [beneficiary has the choice of receiving payment in a lump sum, an annuity, or a combination of the two, if the value is over $5,000] as provided in article IV, section 404 as of the date of his death.

[9] See Section 44 of the Administrative Agency Law, Act of June 4, 1945, P.L. 1388, as amended, 71 P.S. §1710.44, relative to our scope of review.