Catherine M. Myers, Individually and as Executrix of the Estate of Thomas W. Myers, Petitioner *v.* Commonwealth of Pennsylvania, State Employes' Retirement Board, Respondent.

Argued September 12, 1984, before Judges Rogers, Barry and Senior Judge Barbieri, sitting as a panel of three.

*Christopher Conners*, with him, *Glen R. Grell, Shearer, Mette & Woodside*, for petitioner.

*Nicholas Joseph Marcucci*, Assistant Counsel, for respondent.

Opinion by Judge Barry, December 28, 1984:

This appeal results from an order of the State Employes' Retirement Board (Board) which denied a request by petitioner, Catherine M. Myers, to alter the retirement contract between the Board and Thomas W. Myers, deceased, thereby entitling petitioner to receive monthly retirement benefits as a survivor annuitant.

Mr. Myers retired from state service in 1978. At that time, he signed a contract with the Board electing the retirement option providing for monthly benefits

of $519.33 as long as either he or his wife, Ruth T. Myers, was alive. In 1980, Ruth Myers died. In June of 1981, Mr. Myers married petitioner and shortly thereafter he informed the Board that he wanted petitioner to receive monthly retirement benefits should she survive him. At that time, Mr. Myers was informed that he would have to furnish the Board with a copy of Ruth Myers' death certificate. He was also told that a proof of age document of petitioner would be needed, since retirement benefits are calculated using the ages of the individuals receiving benefits. Mr. Myers was also made aware that because petitioner was young than Ruth Myers, a substantial reduction in monthly benefits would result. Although the Board received a copy of Ruth Myers' death certificate, it was never furnished with any sufficient proof of petitioner's age, despite two requests by the Board dated July 17, 1981, and March 8, 1982.

In January of 1982, Mr. Myers changed an insurance policy and executed a will, naming petitioner as his sole beneficiary. On May 4, 1982, the Board sent Mr. Myers a letter, inquiring about his intention with regard to his retirement contract. A number of telephone communications ensued, during which the Board again requested proof of petitioner's age. Mr. Myers was also informed that if petitioner were the age stated, monthly benefits would be reduced to $268.00. The Board also told Mr. Myers it would send the necessary papers to be completed in order to effectuate the changes.

While the Board sent Mr. Myers a change of beneficiary form, which was completed and returned, the necessary documents to sign a new contract designating petitioner as a survivor annuitant were never sent to the Myers because the required proof of petitioner's age was never furnished to the Board. Mr. Myers died in August of 1982.

Petitioner requested payment as a survivor annuitant. When the request was denied, a hearing was held in December, 1982, before a hearing examiner, who also denied petitioner's request. The Board affirmed and this appeal followed.

Petitioner advances a number of reasons which she believes should compel a reversal of the Board's order denying the change in the retirement contract. Essentially, she argues that nothing would prevent an oral modification of the contract. She also argues that the Board should be equitably estopped from denying the requested change. Finding no merit to either of the arguments presented, we affirm.

Petitioner first claims that Mr. Myers expressed his intention to the retirement authorities to alter the contract and name petitioner as a survivor annuitant. The Board admits that, while Mr. Myers expressed an intention to make such a change, mere expression of intention is not enough to alter a contract as certain formal acts must be performed before these intended alterations will be given effect. We must, therefore, determine whether the formal requirements of the Board, *i.e.,* providing a proof of age document and designating a new survivor annuitant in writing, are reasonable.

Petitioner argues that the Board's requirement that a survivor annuitant furnish written proof of age is invalid, as neither legislation nor regulations concerning the retirement system require such proof. As the Board points out, the entire benefits structure when paid in the form of an annuity is based on actuarial tables calculating the life expectancy of the annuitants. As the amount of a monthly retirement check is directly related to the age of the annuitants, the Board, were it not to require adequate proof of age, would be violating the State Employees' Retirement Code, 71 Pa. C. S. §5931(e) (Supp. 1984-85)

which provides, ''[t]he members of the board, employees of the board and agents thereof shall stand in a *fiduciary relationship to the members of the system regarding* the investments and *disbursements* of any of the moneys of the fund and shall not profit either directly or indirectly with respect thereto.'' (Emphasis added.)

The State Employees' Retirement Code provides:

> A member who is eligible and elects to receive a reduced annuity under Option 1, 2, 3, or 4, *shall nominate a beneficiary or a survivor annuitant, as the case may be, by written designation filed with the board at the time of his retirement.* A member who has elected Option 1 may change his designated beneficiary at any time. A member having designated a survivor annuitant at the time of retirement shall not be permitted to nominate a new surviving annuitant unless such survivor annuitant predeceases him or unless the member is awarded a divorce or becomes married subsequent to the election of the option. In such cases, the annuitant shall have the right to reelect an option to nominate a beneficiary or a new survivor annuitant and to have his annuity recomputed to be actuarially equivalent as of the date of recomputation to the annuity in effect immediately prior to the recomputation. In no other case shall a benefit plan be changed by an annuitant. (Emphasis added.)

71 Pa. C. S. §5907(j) (Supp. 1984-85). Petitioner argues that only the designation of the survivor annuitant, selected at the time of retirement and not any subsequent annuitant, need be in writing. In support thereof, she offers the following definitions contained in the State Employes' Retirement Code:

"Beneficiary." The person or persons last designated in writing to the board by a member to receive his accumulated deductions or a lump sum benefit upon the death of such member.

. . . .

"Survivor annuitant." The person or persons last designated by a member under a joint and survivor annuity option to receive an annuity upon the death of such member.

71 Pa. C. S. §5102 (Supp. 1984-85). Petitioner argues that since the definition of a survivor annuitant contains no language "in writing" as is used in the definition of a beneficiary, a substitute survivor annuitant may be designated orally. We disagree.

While a beneficiary may be changed at any time, a survivor annuitant, once designated in writing at the time of retirement, 71 Pa. C. S. §5907(j), can be changed only if the original survivor annuitant either predeceases or is divorced from the retiree or if the retiree marries after the designation of the original survivor annuitant. As the designation of the original survivor annuitant may only be made upon retirement, the legislature saw no need to include the language "designated in writing" in the definition of a survivor annuitant. Further, the language "at the time of retirement" in 71 Pa. C. S. §5907(j) obviously was intended to modify the designation of a beneficiary or survivor annuitant and not to obviate the need for written designation of a substitute survivor annuitant, since designation of such a substitute requires a *new* contract between the retiree and the Board. As Mr. Myers never informed the Board of the choice to exercise a new option, we will not permit such a change in the absence of written proof of age and written designation of a substitute survivor annuitant.

Petitioner finally argues that the Board should be equitably estopped from denying the change. In a letter of May 20, 1982, the Board enclosed a change of beneficiary form which Mr. Myers completed and returned naming petitioner as new beneficiary. Petitioner claims that the letter[1] misled Mr. Myers into

---

[1] Mr. Thomas W. Myers
2 Beacon Drive
Williamsburg Estates
Harrisburg, PA 17112

SS#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

Dear Mr. Myers:

We are writing in response to our recent telephone conversation concerning a possible change of option to your retirement account. At the time of your retirement you elected to retire under the provisions of Option #2 in order to provide a monthly annuity for Ruth T. Myers. Under this option only one beneficiary may be named. Since Ruth T. Myers is now deceased, you may name a new beneficiary to receive a monthly annuity. However, your annuity would be reduced since the new calculation would be based on your present age and the age of your new beneficiary.

You may change your option to Full Retirement, Option 1, Option 2 or Option 3. The following are the estimated benefits you would be entitled to. Options 2 and 3 are based on a female beneficiary (Catherine) with a birthdate of March 15, 1927.

| | |
|---|---|
| FULL RETIREMENT | $ 519.00 |
| OPTION 1 | 412.00 |
| OPTION 2 | 268.00 |
| OPTION 3 | 354.00 |
| PRESENT VALUE | 52,549.00 |

Under FULL RETIREMENT, you would receive the maximum amount each month for as long as you live. If you die before receiving in payments an amount equal to your own accumulated deductions (your contributions plus earned interest) as they were at the time of your retirement, the balance is paid to your beneficiary. You may name one or more beneficiaries and may change beneficiaries at any time.

believing that completion of the change of beneficiary form would operate to designate a substitute survivor annuitant.

In *Straup v. The Times Herald*, 283 Pa. Superior Ct. 58, 71, 423 A.2d 713, 720 (1981), the court stated:

> The essential elements of estoppel are:
> (1) Misleading words, conduct or silence by the party against whom the estoppel is asserted, (2) unambiguous proof of reasonable reliance on the misrepresentation by the party seeking to assert the estoppel, and (3) no duty of inquiry on the party seeking to assert estoppel.

---

Under OPTION 2, the annuity payments are based on your beneficiary's sex and date of birth as well as your own. Upon your death, your beneficiary will receive for life the same monthly amount paid to you.

Under OPTION 3, the annuity payments are based on your beneficiary's sex and date of birth as well as your own. Upon your death, your beneficiary will receive for life one-half the monthly amount paid to you.

Should you desire to change to Option 2 or 3, we need a copy of the birth or baptismal certificate for your new beneficiary as part of our file.

If you wish to continue receiving the same monthly annuity without reduction, under the provisions of your present option (Option 2), fill out the enclosed beneficiary form naming the person to receive any portion which may be due of your final retirement check. A reminder—if you were to die without changing options, than [sic] the only benefit payable would be for the number of days you lived in that particular month. No monthly annuity would be due. Also, as at the time of your retirement, an option selection is final and binding.

If I can be of further assistance, please feel free to contact me at (717) 783-3744.

Very truly yours,
/s/ Karen B. Leitzel
Karen B. Leitzel
Retirement Counseling
Division

Stolarick v. Stolarick, 241 Pa. Super. 498, 509, 363 A.2d 793, 799 (1976).

We agree with the Board that the May 26th letter was not misleading and does not indicate that completion of the change of beneficiary form would operate to elect a new option and validly designate a substitute survivor annuitant.

As we can find no error of law in the proceedings before the Board, we must affirm the Board's order.

ORDER

Now, December 28, 1984, the November 2, 1983 order of the State Employes' Retirement Board is affirmed.

---

CONCURRING OPINION BY JUDGE BARBIERI:

I concur in the result reached by the majority, but feel obligated to express my disagreement with the acceptance by the majority of one of the Board's bases for disallowing the claim; failure of decedent to submit more formal proof of Petitioner's age. I believe that, while the agreement between the retirement system and the retiree is in the nature of a contract, as the majority asserts, nevertheless, that agreement and the statutory provisions that form a part of it "should be liberally construed to give effect to the intentions of the parties," *Bowers v. State Employes' Retirement Board,* 29 Pa. Commonwealth Ct. 561, 564, 371 A.2d 1040, 1041 (1977), and in that light, I cannot justify the Board's decision that it must deny for lack of that formality decedent's request for substitution of his second wife, Catherine, as survivor annuitant, since the Board had in hand, in writing,[1] an

---

[1] The majority opinion discusses at length the issue of whether or not the substitution of a second wife as a survivor annuitant must be in writing. From my viewpoint, since I believe that the

adequate communication of the name and age of Catherine. Her name and age were known to the Board as demonstrated in the Board's letter of May 26, 1982.[2] Furthermore, the Board had as of June 9, 1982, the "Nomination of Beneficiary" form, signed by decedent and witnessed, in which Catherine is named as beneficiary and her full name and date of birth are set forth.[3]

I must agree, however, as the Board has stated, that "the May 26, 1982 letter put Mr. Myers on notice that he must make a new option choice" if Catherine was to have survivor annuitant status. It should have been clear to decedent from statements in that letter that the Board was unaware of any decision by him to select the option that Petitioner now argues that he did select. Thus, the second paragraph reads in part:

> You may change your option to Full Retirement, Option 1, Option 2 or Option 3. The following are the estimated benefits you would be entitled to. Options 2 and 3 are based on a female beneficiary (Catherine) with a birthdate of March 15, 1927.

I believe that the Board could properly conclude that the Nomination of Beneficiary form, noted above, on its face a designation of Catherine only as a bene-

telephone designation of Catherine was supplemented in writing, although perhaps informally, I do not reach the statutory interpretation issue dealt with by the majority. I would note, however, that arguably a liberal construction, *Bowers*, could result in a conclusion contrary to that of the majority.

[2] The letter is set forth in the footnote to the majority opinion.

[3] The Board and the majority stress the importance of Catherine's age in the annuity recalculation that must take place, particularly because Catherine is younger than was decedent's first wife, Ruth. As noted, the Board had the age information, and certainly more formal proofs could have been supplied at any time after Myers' death without any risk to the retirement system.

ficiary of decedent's balance, if any, in his retirement account, was decedent's response to the next to last paragraph of the May 26 letter which reads:

If you wish to continue receiving the same monthly annuity without reduction, under the provisions of your present option (Option 2), fill out the enclosed beneficiary form naming the person to receive any portion which may be due of your final retirement check. A reminder—if you were to die without changing options, than [sic] the only benefit payable would be for the number of days you lived in that particular month. No monthly annuity would be due. Also, as at the time of your retirement, an option selection is final and binding.

Since this expressed uncertainty remained unresolved by the decedent until the time of his death, the Board could properly assert that it was unaware of decedent's intention; whether he would wish to accept a smaller annuity during his lifetime so that his second wife would receive a survivor's annuity after his death. It is this question which remained unanswered by decedent.