493 A.2d 736

**ACME MARKETS, INC., Appellant,**

v.

**VALLEY VIEW SHOPPING CENTER, INC. and Valley View Realty, Appellees.**

Superior Court of Pennsylvania.

Argued Nov. 27, 1984.

Filed May 24, 1985.

568

Edward S. Wardell, Philadelphia, for appellant.

Denis M. Dunn, Media, for appellees.

Before WIEAND, MONTEMURO and CERCONE, JJ.

WIEAND, Judge:

Acme Markets, Inc., a tenant of a shopping center, commenced an action in assumpsit to recover the sum of $70,-328.26 which it had paid to its landlord for maintenance of the parking lot. Acme contended that the payments had been made pursuant to a mistake of fact. The trial court held that the mistake alleged in the complaint had been a mistake of law and sustained preliminary objections in the nature of a demurrer to the complaint. Acme appealed. We affirm.

 A mistake of law is a mistake "as to the legal consequences of an assumed state of facts." *Betta v. Smith*, 368 Pa. 33, 36, 81 A.2d 538, 539 (1951). "A mistake of law occurs where a person is truly acquainted with the existence or nonexistence of facts, but is ignorant of, or comes to an erroneous conclusion as to, their legal effect."

70 C.J.S. *Payment* § 156(c) (1951). Where, under a mistake of law, one voluntarily and without fraud or duress pays money to another with full knowledge of the facts, the money paid cannot be recovered. *Ochiuto v. Prudential Insurance Co. of America*, 356 Pa. 382, 384, 52 A.2d 228, 230 (1947). Thus, money paid voluntarily, although under a mistake of law as to the interpretation of a contract, cannot be recovered. *William Sellers & Co. v. Clarke-Harrison, Inc.*, 354 Pa. 109, 113, 46 A.2d 497, 499 (1946). It has also been held that "[m]oney cannot be recovered where the payment is pursuant to a uniform practice in construing the contract year after year." *Id.* And, "money, not legally due, but paid voluntarily cannot be recovered back." *Kline v. Morrison*, 353 Pa. 79, 84, 44 A.2d 267, 269 (1945). Accord: *Wilson v. Philadelphia School District*, 328 Pa. 225, 243, 195 A. 90, 100 (1937). The rule disallowing recovery when payments have been made under a mistake of law is supported as a corollary of the criminal law maxim that one is presumed to know the law and that to hold otherwise would render legal accountability unenforceable. 70 C.J.S. *Payment* § 156(a) (1951). It has been suggested that to allow mistake or ignorance of the law to void actions taken by parties would subvert the effective administration of the law. *Id.* Where payment is made under a mistake of fact, however, recovery may be had. *Gilberton Fuels, Inc. v. Philadelphia & Reading Coal & Iron Co.*, 342 Pa. 192, 196, 20 A.2d 217, 219 (1941); *Commonwealth, Department of General Services v. Collingdale Millwork Co.*, 71 Pa. Cmwlth. 286, 293 n. 6, 454 A.2d 1176, 1179 n. 6 (1983).

"Preliminary objections in the nature of a demurrer admit as true all well pleaded, factual averments and all inferences fairly deducible therefrom. Conclusions of law, however, are not admitted by a demurrer. It is in this light that the complaint must be examined to determine whether it sets forth a cause of action which, if proved by the plaintiff, would entitle him to the relief he seeks. If the plaintiff does set forth a cause of action on which he is entitled to relief upon proof, the demurrer cannot be sustained. Con-

versely, a preliminary objection in the nature of a demurrer is properly sustained where the complaint has failed to set forth a cause of action." *Cunningham v. Prudential Property & Casualty Insurance Co.*, 340 Pa.Super. 130, 133, 489 A.2d 875, 877 (1985) (citations omitted).

The averments of the complaint in the instant case disclose that the store lease was executed in 1959 by Acme's predecessor, American Stores Co., and Valley View Shopping Center, Inc. for a term of fifteen years. The lease contained options to renew for five additional terms of five years each on the same terms and conditions. The shopping center was conveyed in 1975 to Valley View Realty, the appellee. In paragraph 28A of the lease it is provided that "during the initial term" of the lease Acme must pay a proportionate share, not to exceed $1,000.00 annually, of the cost of removing ice, snow and refuse from the parking area and access roads and also the costs of lighting and painting stripes on the parking lot. In paragraph 28B, the lease also requires Acme to pay a proportionate part of real estate taxes "during the initial term." Pursuant thereto, Acme paid costs and taxes during the initial term of the lease. After the lease had expired on December 31, 1975, Acme continued to occupy the premises and continued to pay a proportionate part of the taxes and costs of maintaining the parking area and access roads. In the present action, Acme sought to recover all such payments made after January 1, 1976. It contended that the payments had been made in the mistaken belief that they were required by the terms of the lease.[1]

The mistake alleged by Acme is clearly a mistake of law and not a mistake of fact. The money it seeks to recover was voluntarily and deliberately paid by Acme to its lessor because of an interpretation of the lease agreement which Acme, according to the complaint, mistakenly placed

---

1. For purposes of reviewing the order sustaining preliminary objections in the nature of a demurrer, we have accepted, without deciding, the somewhat tenuous argument made by Acme that renewal of the lease did not include a renewal of paragraphs 28A and 28B thereof.

thereon. Such a mistake was a mistake of law. Because the payments were made under a mistake of law in interpreting the lease, there can be no recovery in this action. See: *Ochiuto v. Prudential Insurance Co. of America, supra; William Sellers & Co. v. Clarke-Harrison, Inc., supra.*

■ Acme contends that it should have been granted leave to file an amended complaint. We agree that "if it is evident that the pleading can be cured by amendment, a court may not enter final judgment, but must give the pleader an opportunity to file an amended complaint." *Harley Davidson Motor Co., Inc. v. Hartman,* 296 Pa.Super. 37, 42, 442 A.2d 284, 286 (1982), quoting *Framlau Corp. v. County of Delaware,* 223 Pa.Super. 272, 276, 299 A.2d 335, 337 (1972). In the instant case, however, it is clear that the deficiency in appellant's cause of action cannot be cured by amendment. Appellant's payment of moneys was based on its interpretation of the agreement of the lease. If this interpretation was erroneous, the mistake was one of law. Payments made pursuant to a mistake of law cannot be recovered. This cannot be changed by an amended complaint.

The order entering judgment in favor of the appellee is affirmed.