**In re Marianne STETAR, Debtor.**

**Marianne Stetar, Movant,**

**v.**

**Joseph Stetar, Respondent.**

**Bankruptcy No. 02–29188(JKF).**

United States Bankruptcy Court, W.D. Pennsylvania.

April 21, 2005.

Mary Bower Sheats, Pittsburgh, PA, for Movant.

Donald D. Saxton, Jr., Washington, PA, for Respondent.

### MEMORANDUM OPINION [1]

JUDITH K. FITZGERALD,
Bankruptcy Judge.

Before the court is Debtor's objection to the proof of claim (# 9877120) of her brother, Joseph Stetar. The matter has been fully briefed and argued and is ready for disposition. The objection stems from a dispute in Orphans' Court. Joseph Stetar was appointed as the Executor of the Estate of his deceased mother, Evelyn Pompe Stetar, whose will was probated in Washington County, Pennsylvania, in February, 1998.

The facts concerning the proceedings in Orphans' Court are adopted from the unpublished opinion of the Superior Court of Pennsylvania, *In re Estate of Stetar*, 830 A.2d 1058 (Pa.Super.2003)(No. 890 WDA 2002). The full opinion is included as Exhibit C to Claimant's Brief in Support of Claim, Docket Number 77. In relevant part, the will devised decedent's share of rental real estate located on Penn Avenue in Pittsburgh, Pennsylvania, to three of her children (Charles, William and Marianne) and her residential real estate in Burgettstown, Pennsylvania, to all four of her children (Charles, William, Marianne and Joseph). The gift of the Burgettstown property was subject to a devise to Marianne and her son, Alexander, to live in the house as long as only the two of them lived there. The Penn Avenue property did not pass through probate because decedent and Joseph held joint title with right of survivorship. Thus, Joseph acquired the Penn Avenue property by operation of law.

Both Joseph and Marianne believed that the interest in the Burgettstown property granted to Marianne and Alexander was a life estate, which could be sold. Joseph sold the property for $95,000 without an appraisal. To compensate Marianne for the life estate, Joseph used $53,967.75 from the proceeds of the sale to pay for improvements and repairs to the Penn Avenue property, which he owned, in preparation for Marianne and Alexander to occupy and eventually purchase that property. Joseph and his wife later

---

1. The court's jurisdiction was not at issue. This Memorandum Opinion constitutes the court's findings of fact and conclusions of law.

sold the Penn Avenue property to Marianne.

When Joseph filed the First and Final Account for the Estate, Marianne presented a claim for compensation for her life interest in the Burgettstown property, claiming that the value was $67,749.83. She indicated that $53,967.75 was used by the Estate to pay for the improvements to the Penn Avenue property, as described above, and asked for payment of the balance of $13,781.08. William also filed exceptions to the Final Account on the grounds that Joseph should be surcharged because he wrongly sold the Burgettstown property without appraisal, notice or consent, and reduced the proceeds by the $53,967.75 that he had used to improve the Penn Avenue property. Although Joseph had acted on the advice of counsel in concluding that Marianne and her son's interest was a life estate, the Court of Common Pleas of Washington County, Pennsylvania, concluded that it was not. Thus, the trial court ordered Joseph to return the $53,967.75 to the Estate but dismissed Marianne's claim for additional compensation.[2] One of the issues on appeal from the final Decree and Schedule of Distribution filed on April 25, 2002, was whether the Orphans' Court erred by not using its equitable powers to compel Marianne to return the funds used to improve the Penn Avenue property, which she now owns. The Superior Court summarily dismissed that argument, noting that Joseph had failed to establish manifest error on the part of the trial court. The opinion of the trial court was adopted insofar as it related to the disposition of the equitable arguments raised in the case.

The trial court's opinion, dated January 10, 2002, at No. 63–98–0192, in the Orphans' Court of Washington County, Pennsylvania, found that due to Joseph's mistake of law, he was precluded from recovering the $53,967.75 he had expended and for which he sought to surcharge Marianne. The Superior Court specifically identified as an issue the following: "if the Court were inclined to grant the Executor the relief he has requested, does the Executor have the right to seek recompense from Marianne Stetar?" (Typescript Opinion at 3, Exhibit B to Claimant's Brief in Support of Claim, Docket Number 77). The trial court roundly rejected any right to recompense from Marianne Stetar, stating:

> It is clear that even with an elaborate refunding agreement, when a fiduciary makes distribution due to an error of law the fiduciary cannot be held harmless from its own negligence, unless release from the specific negligence is specifically contracted for.

(Typescript Opinion at 14, Exhibit B to Claimant's Brief in Support of Claim, Docket Number 77)(footnote omitted). Because there was no such refunding agreement between Joseph and Marianne, Joseph had no claim against Marianne and had no entitlement to relief "in this forum." (Typescript Opinion at 14, Exhibit B to Claimant's Brief in Support of Claim, Docket Number 77). The Superior Court affirmed the Orphans' Court.

Having failed to convince the state court that he should recover the money from Marianne's share of the Estate, Joseph now seeks to assert that claim in Marianne's bankruptcy on the ground that the Orphans' Court did not rule on whether Joseph had a claim to civil damages notwithstanding his inability to recover the surcharge based upon his mistake of law. His theory is that he has the right to recover the $53,967.75 from Marianne and will not have to disgorge the sum of

---

2.  The Final Decree also directed the distribution of an additional $29,663.26 to Marianne.

$29,513.26 to her. *See* note 2, *supra.* However, Joseph had an opportunity to adjudicate the issue in the Orphans' Court and did not. He also raised the issue on appeal. *See* Appellant's Brief, issues 6— 10, 2002 WL 32353689 (Pa.Super., Aug.5, 2002). The Superior Court noted that Joseph took certain procedural steps that were not sufficient to protect his claims against Marianne and affirmed the Decree of the Orphans' Court. Reduced to its essence, the result of the state court adjudication is that Joseph was found to have invested $53,967.75 of his own funds into his own property, then to have sold the property to Marianne. Even though he did so with the mistaken belief that he was compensating Marianne for her life estate in the Burgettstown property, the state courts found that he had made a risk distribution in his capacity as executor of the Estate when he used the funds to improve his own property and that he could not recover the funds due to his breach of his fiduciary duty.

▇▇▇ Regarding Joseph's contention that he should be able to turn to the civil courts for relief, I find that he has no such remedy on the facts of this case. The Orphans' Court cited numerous cases for the proposition that one who acts under a mistake of law while in a fiduciary capacity has no right to recover the mistakenly distributed funds, whether the fiduciary is an executor of an estate, a trustee of a bank, or a guardian of the estate of a minor. Even where the mistake of law was made by a tenant who misinterpreted a lease, recovery of payments made as a result of that mistake was not permitted. *Acme Markets, Inc. v. Valley View Shopping Center, Inc.,* 342 Pa.Super. 567, 493 A.2d 736, 737 (1985). Thus, relief was not available in a civil suit between landlord and tenant. A fiduciary who has been found to have acted in derogation of his trust due to a mistake of law cannot be found to have superior rights to recovery than those of a contracting party who cannot recover due to a mistake of law. There are cases to the effect that if a fiduciary acts in good faith under advice of competent counsel he may not be liable for mistakes of law or errors of judgment. *In re Mintz' Trust,* 444 Pa. 189, 282 A.2d 295 (1971); *In re Lare's Estate,* 42 Pa. D. & C.2d 719, 1967 WL 5787, (Pa.Orph.1967). However, advice of counsel is one factor to be considered and is not a complete justification for finding good faith. *Bolton v. Stillwagon,* 410 Pa. 618, 190 A.2d 105, 109– 10 (1963). In the case at bench, the Orphans' Court's decision was affirmed on appeal.

▇▇▇ Alternatively, I find that this claim is barred by principles of collateral estoppel. All four elements identified in *Raytech Corp. v. White,* 54 F.3d 187, 190 (3d Cir.), *cert. denied* 516 U.S. 914, 116 S.Ct. 302, 133 L.Ed.2d 207 (1995), are met in this case. The factors are: the identical issue was previously adjudicated, it was actually litigated, the previous determination was necessary to the decision, and the party precluded from relitigating the issue was fully represented in the prior action. In this case, the first two elements are met in that the state courts determined that Joseph had no claim against Marianne due to his own malfeasance.[3] The third and fourth elements are met because the determination was integral to the state courts' rulings and Joseph was represented in those proceedings.

---

**3.** Joseph complains that the Orphans' Court did not hold a trial. That issue was also raised on appeal. *See* Appellant's Brief, issue # 6, 2002 WL 32353689 (Pa.Super., Aug.5, 2020).

An appropriate order will be entered sustaining the objection to the claim of Joseph Stetar.

### ORDER

**AND NOW,** this **21st** day of **April, 2005,** for the reasons expressed in the foregoing Memorandum Opinion, **IT IS ORDERED** that the objection to proof of claim # 9877120 of Joseph Stetar is **SUSTAINED.** Joseph Stetar's claim is **disallowed.**