J-S26002-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| L.W.C. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| S.S. | : | |
| | : | |
| Appellant | : | No. 3096 EDA 2018 |

Appeal from the Order Entered September 17, 2018
In the Court of Common Pleas of Northampton County
Domestic Relations at No(s): C0048PF2018000712

BEFORE: PANELLA, P.J., GANTMAN, P.J.E., and PELLEGRINI, J.[*]

MEMORANDUM BY PANELLA, P.J.:                **FILED SEPTEMBER 11, 2019**

Appellant, S.S., appeals from the order entered against him in the Court of Common Pleas of Northampton County, pursuant to a petition brought under the Protection from Abuse Act, 23 Pa.C.S.A. §§ 6101-6122, by his girlfriend, L.W.C. S.S. contends he entered into the order based upon mutual mistake, and his trial counsel was ineffective. After careful review, we affirm.

On September 5, 2018, L.W.C. filed a petition for a Protection from Abuse ("PFA") order against her boyfriend, S.S. The court entered a temporary PFA order pending a final evidentiary hearing on September 17, 2018. At the hearing, a consent order was entered by the parties for a period of three years. *See* N.T., Hearing, 9/17/18, at 2. The parties also agreed S.S., who was New

---

[*] Retired Senior Judge assigned to the Superior Court.

York resident, would not have to surrender his firearms to the Sheriff. ***See id***., at 2-3.

However, the PFA order issued by the court did not reflect the parties' agreement concerning S.S.'s gun ownership rights. As a result, the court modified the PFA to clarify the order would not impact S.S.'s right to own, possess, acquire, or transfer firearms. ***See*** PFA Order 9/19/18.

On September 25, 2018, S.S. filed a *pro se* motion for reconsideration of the PFA order. At the hearing, S.S. argued he was unable to buy firearms because the federal background check application "clearly states that anyone with a PFA is not authorized to purchase a weapon." N.T., Hearing, 10/3/18, at 7. After explaining that the PFA order did not impact his gun rights, the court denied S.S.'s motion and instructed him to file an appeal with this Court. ***See id***., at 8-9. S.S. filed a timely notice of appeal.

In his first issue on appeal, S.S. asserts that the PFA order was signed and entered based upon mutual mistake of the parties. We disagree.

We review a lower court's legal conclusions in a PFA action for an error of law or an abuse of discretion. ***See Lawrence v. Bordner***, 907 A.2d 1109, 1112 (Pa. Super. 2006). A court may grant "any protection order or approve any consent agreement to bring about the cessation of abuse." 23 Pa. C.S.A. § 6108(a). A decree entered by consent of the parties is so conclusive that it will be reviewed only on a showing that an objecting party's consent was obtained by fraud or based on a mutual mistake. ***See Lee v. Carney***, 645 A.2d 1363, 1365 (Pa. Super. 1994).

S.S. argues he has established that the consent order was entered by mutual mistake. He contends that neither party intended to restrict his right to purchase firearms. He believes that since the mere entry of the PFA order precludes him from purchasing a firearm despite any language to the contrary in the order, *see* 18 U.S.C. § 922, the parties were operating under a mutual mistake when they signed the consent order.

However, S.S.'s argument describes a mistake of law, not of fact. "A mistake of law is a mistake as to the legal consequences of an assumed state of facts." *Acme Markets, Inc. v. Valley View Shopping Center, Inc.*, 493 A.2d 736, 737 (Pa. Super. 1985). Parties are found to have made a mistake of law where they are fully aware of all the operative facts but misunderstand the legal effect of those facts. *See id*. Unlike a mistake of fact, a mistake of law does not entitle a party to rescission of their obligations under the contract. *See id*.

Here, the certified record reflects the parties orally agreed that S.S. would not have to surrender his firearms as a condition of the PFA order. N.T., Hearing, 9/17/18, at 2-3. Even though the resulting order did not reflect the parties' agreement, a the trial court subsequently issued an order clarifying that S.S.'s right to own, possess, acquire, or transfer firearms would not be impacted by the PFA order. *See* PFA Order, 9/19/18. Consequently, the September 19, 2018 order accurately sets forth the parties' agreement.

It is the legal consequences of the agreement itself which forms the basis of S.S.'s claim of mutual mistake. This is a clear mistake of law. As such,

we conclude S.S. failed to show that his consent to the PFA order was obtained based upon mutual mistake. **See Lee**, 645 A.2d at 1365 (observing that our Court does not judge the parties' wisdom in consenting to a PFA and that so long as the order succeeds in terminating any abuse, the purpose of the PFA Act has been fulfilled).

In his final issue on appeal, S.S. argues his trial counsel was ineffective because he misrepresented the contents of the September 17, 2018 order to him. However, we cannot conduct a meaningful review of S.S.'s remaining issue on appeal because his argument does not conform to the Pennsylvania Rules of Appellate Procedure.

Every appellate argument must conform to the fundamental requirements of the Rules of Appellate Procedure. **See Commonwealth v. Perez**, 93 A.3d 829, 837 (Pa. 2014). This Court may dismiss an appeal if the appellant's claims fail to contain developed argument or citation to supporting authorities and the record. **See** Pa.R.A.P. 2119(a),(c); **see also Giant Food Stores, LLC v. THF Silver Spring Dev., L.P.**, 959 A.2d 438, 444 (Pa. Super 2008).

Here, S.S. argues that counsel was ineffective for failing to advise him of the legal implications of the consent order. His argument, which covers slightly over a page in his brief, contains a single citation to authority. He argues this authority supports his contention that he had a right to effective counsel at the PFA hearing. It does not. **See Weir v. Weir**, 631 A.2d 650,

658 (Pa. Super. 1993) (declining to reach the issue of whether a PFA respondent is entitled effective assistance of counsel).

Even if we assume S.S. had right to effective assistance of counsel, his argument cites to no authority, and indeed develops no argument, that counsel was ineffective beyond bald assertions.  **See** Pa.R.A.P. 2119(a),(c). The Rules of Appellate Procedure unambiguously state that each issue raised by an appellant must be supported by discussion and analysis of pertinent authority. **See Giant Food Stores, LLC**, 959 A.2d at 444. Otherwise, the issue is waived. **See id**. Therefore, we find this issue waived.

As we conclude S.S. is due no relief on either issue raised on appeal, we affirm the PFA order.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/11/19